UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHARLIE WILLIE JONES, JR.,

        Petitioner,

                                    CIVIL CASE NO. 05-CV-73303-DT
v.                                HONORABLE VICTORIA A. ROBERTS

YVONNE BERRY,

        Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE
AND
DENYING APPLICATION FOR APPOINTMENT OF COUNSEL**

**I.     Introduction**

       This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Petitioner Charlie Willie

Jones, Jr., is challenging his convictions for resisting and obstructing a police officer and

disorderly conduct which were imposed by the 50th District Court in Pontiac, Michigan.

Petitioner was sentenced to 60 days imprisonment and one year probation on March 21, 2004.

Petitioner claims that he attempted to pursue a direct appeal in the Oakland County Circuit

Court, but his appeal was denied because he did not have the money to file the appeal.  Petitioner

did not seek further review in the state appellate courts.  Petitioner also states that he filed a post-

conviction motion in the state district court which was denied on August 19, 2005.

       In his pleadings, Petitioner states that he was denied his right to counsel, his right to an

impartial judge, and his right to not be incarcerated and subject to probation.  For the reasons set

forth below, the petition for writ of habeas corpus is dismissed without prejudice and the application for appointment of counsel is denied.

## II.    Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *O"Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of showing exhaustion of state court remedies. Petitioner admits that he did not fully pursue a direct appeal of his convictions and that he has not pursued his appellate remedies with respect to his post-conviction motion. Petitioner must complete the state court process before seeking habeas relief in this Court. Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.[1]

_____

[1]The Court notes that it is unclear from the petition whether Petitioner has been discharged from his sentence or remains "in custody" on probation. A federal court may only entertain a petition for writ of habeas corpus on "behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). When a

**III.     Conclusion**

For the reasons stated, the Court concludes that Petitioner has not fully exhausted his state court remedies.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for writ of habeas corpus.  Given this determination, the Court also **DENIES** the application for appointment of counsel.

**IT IS SO ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  September 2, 2005

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 2, 2005.

s/Carol A. Pinegar
Deputy Clerk

---

sentence has fully expired, a habeas petitioner is no longer "in custody" for the offense and thus cannot file an application for habeas relief from that conviction.  *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *see also Maleng v. Cook*, 490 U.S. 488, 491 (1989) (*per curiam*).  If Petitioner has completed his sentence, this Court lacks jurisdiction to decide his habeas petition.